THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FERNANDO QUIÑONES JIMÉNEZ, Defendant and Appellant.

No. 11197. Argued January 16, 1946.—Decided January 28, 1946.

*Alfonso Lastra Chárriez* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras, Acting Prosecuting Attorney of the Supreme Court,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant was convicted on a charge of carrying a revolver and sentenced to a term of two months in jail. He thereupon took the present appeal, in which he urges that the lower court erred in sentencing him, notwithstanding the existence of a license to carry arms, which had been granted to him by the District Court of Humacao and which was in full force at the time mentioned in the complaint.

From the documentary evidence introduced by the district attorney, it appears that on July 6, 1942, the appellant applied to the District Court of Humacao for authorization "to carry a revolver or pistol, in the Island of Puerto Rico, in accordance with the Act to Prohibit the Carrying of Arms." The petitioner alleged, under oath, that besides engaging in farming, "he owns a dairy business and is engaged in the purchase and sale of cattle"; that by reason of the business of purchasing and selling cattle "he has to travel to various towns in the Island, carrying with him large sums of money, at various hours of the day and night"; and that the petitioner "has a well-founded fear of danger to his life while he conducts the funds necessary for making the purchases or those derived from the sales of cattle in different towns of the Island." It further appears that on September 17, 1942, the court entered an order granting the petition and authorizing Fernando Quiñones Jiménez "to carry firearms, revolver or pistol, throughout the jurisdiction of the Island of Puerto Rico, for the term of one year, computed from this date." From the said order we copy the following:

"Whereas, on the day set for the hearing of this case the petitioner appeared in person and by his attorney . . ., the district attorney being present . . ., and *he introduced evidence which, in the judgment of the Court, justifies and confirms the allegations of his petition;*

"Whereas, a copy of the record was delivered to the Hon. District Attorney, who reports that he has no objection to offer in this case, as all the legal requisites have been complied with;

"Now, therefore, etc." (Italics ours.)

The evidence introduced at the trial shows—and the appellant so admits—that the weapon was seized from the defendant while he carried the same, not in his own dwelling, but in the dwelling-house of Rafael Aponte, where certain events took place which gave rise to the arrest of the defendant-appellant and to the seizure of the revolver carried by him. Nevertheless, the appellant maintains that by virtue

of the license which had been granted to him, he was legally authorized to carry the revolver at the time and place it was seized.

 The "Act to Prohibit the Carrying of Arms," approved March 9, 1905, and amended by Act No. 14 of June 25, 1924 (Laws of 1924, p. 114), provides:

"Section 6.—That arms may be lawfully carried by:

❊ ❊ ❊ ❊ ❊ ❊ ❊

11. *Conductors of private funds while the same are in their keeping,* on previous authorization of the corresponding district court, before which the conductor of said funds or his employers shall justify the need of said license." (Italics ours.)

"Section 7.—In addition to the licenses mentioned in paragraph 11 of the preceding section, licenses to carry arms may be issued by the district court of the applicant's residence *upon hearing by the fiscal, if danger of death or of serious personal injury to the petitioner is shown in the opinion of the court* and the circumstances in the case, established by affidavits of the applicant and witnesses, warrant the need of the license." (Italics ours.)

A mere reading of the above-transcribed legal provisions suffices to show that the Act empowers the district courts to issue two distinct kinds of licenses to carry arms, and provides two distinct proceedings for obtaining the same.

Where a person who is required to conduct private funds, desires to carry a weapon in order to protect said funds and his own person, all he has to do, in accordance with subdivision 11 of § 6, *supra,* is to file a petition in the district court and prove before that court the necessity for the issuance of the license sought. The Act does not even require that the district attorney be heard or notified. Once the need of conducting the funds from one place to another has been shown, the court is empowered to authorize the conductor to carry a weapon, but only "while the funds are in his keeping."

The proceeding for obtaining the license authorized by § 7 of the Act, *supra,* that is, a license to carry arms at any time and at any place within the Island, is somewhat stricter.

He must allege and prove, by his own testimony and that of other witnesses, that he has been threatened and is in danger of death or of serious personal injury; and that he must carry the weapon for purposes of defense. The licenses in such cases can not be granted without hearing the district attorney beforehand.

The defendant-appellant, relying on the provisions of subdivision 11, § 6 of the Act, applied for a license to carry arms while conducting the funds required for the purchase—or derived from the sale—of cattle in various towns of the Island. The court heard the evidence which was introduced by the applicant in support of the allegations of his petition, and concluded that the evidence was sufficient; but going beyond its own powers, it granted to him a license which could not be issued to him in accordance with the Act. The court could not grant him the license provided by § 7 of the Act, because in order to do this it would have been necessary for the applicant to allege and prove that he was in danger of death or of serious personal injury. The evidence presented by the applicant tended to establish the necessity for the issuance of a license to carry arms while conducting funds.

The appellant can not allege ignorance of the law and much less ignorance of what he stated under oath in his petition and in his testimony at the hearing.

■ Since the evidence shows that the carrying of the revolver by the defendant on the day of the occurence had no connection whatsoever with the conduction or keeping of funds, the conclusion is unavoidable that in carrying said weapon on his person and outside of his own dwelling, the defendant-appellant committed the offense for which he has been sentenced.

The judgment appealed from should be affirmed.

Mr. Justice Todd, Jr., did not participate herein.